## Case No. 14,730.

### UNITED STATES v. CARR.

### [3 Sawy. 302.]

District Court, D. Oregon. March 23, 1875.

EXTORTION UNDER COLOR OF OFFICE—COLLECTOR OF CUSTOMS — CRIMES COMMITTED IN ALASKA—JURISDICTION.

1. Section 12 of the act of March 3, 1825 (4 Stat. 118), defining the crime of extortion under color of office, so far as officers of the customs are concerned, is an act relating to customs, and was therefore extended over Alaska by section 1 of the act of July 27, 1868 (15 Stat. 240).

2. Alaska being a place without the limits of any state or judicial district of the United States, within the meaning of section 14 of the act of March 3, 1825 (4 Stat. 118; Rev. St. § 730) this court has jurisdiction to try a person charged with the commission of a crime therein; provided such person is found in the district of Oregon or first brought here.

[Cited in U. S. v. Williams, 2 Fed. 62.]

3. Section 5481 of the Revised Statutes, being passed June 22, 1874, after the cession of Alaska, is in force there from the time of its passage.

[These were indictments against John A. Carr.]

Rufus Mallory, for the United States.
Joseph N. Dolph, for defendant.

DEADY, District Judge. Two indictments (Nos. 420 and 444) have been found against the defendant, the collector of customs at Fort Wrangel, Alaska, charging him with the commission of the crime of extortion under color of office. The defendant demurs to the indictments.

In support of the demurrer, it is maintained: (1) That section 12 of the act of March 3, 1825 (4 Stat. 118), defining the crime of extortion under color of office was not extended over Alaska by section 1 of the act of July 27, 1868 (15 Stat. 240), which only included "the laws of the United States, relating to customs, commerce and navigation;" (2) that upon the cession of territory to the United States, as in the cession of Alaska, the laws of the United States are not extended over it proprio vigore; and (3) that if the act of 1825, defining the crime of extortion, was extended over Alaska upon its

¹ [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

acquisition by the United States, still this court has no jurisdiction to try the defendant for a violation thereof, because the jurisdiction of this court over offenses committed in Alaska is conferred by the act of 1868 aforesaid, which only gives such jurisdiction for violation of that act and the laws relating to customs, commerce and navigation.

To this it is replied by the prosecution: (1) That the act of 1825 defining extortion, so far as the defendant, a deputy collector of customs, is concerned, is an act relating to customs—a revenue law—and therefore in force in Alaska by means of the act of 1868 aforesaid. (2) That said law being a general one for the punishment of extortion by any officer of the United States, was in force in Alaska proprio vigore from the time of its cession to the United States. (3) That by section 5481 of the Revised Statutes of the United States, passed June 22, 1874, the crime of extortion by an officer of the United States is defined, and that said act being passed since the cession of Alaska is in force there from the time of its passage, which was prior to the commission of the crime charged in the indictment No. 444. (4) That although this court would not have jurisdiction of these offenses for the sole reason that they were committed in Alaska, unless the act defining the crime of extortion was pro tanto an act relating to customs, and therefore extended over Alaska by the said act of 1868; yet under section 14 of said act of 1825 (Rev. St. § 730), if the law punishing extortion was otherwise in force in Alaska, this court would have jurisdiction to try the defendant upon the charges, if it appears that this is the district in which he was found or first brought, because Alaska, the place where the alleged crimes were committed, is without the limits of any state or district of the United States.

The demurrers must be overruled. The act defining the crime of extortion, and providing for its punishment, includes officers of the customs, and so far it is an act "relating to customs," and is, therefore, in force in Alaska by virtue of section 1 of the act of July 27, 1868, extending "the laws of the United States relating to customs, commerce, and navigation" over that country, if not proprio vigore.

Besides section 12 of the act of 1825, defining extortion, having been re-enacted on June 22, 1874, as section 5481 of the Revised Statutes,—after the cession of Alaska to the United States,—was, therefore, in force in that country proprio vigore at the time the crime charged in No. 444 is alleged to have been committed. This being so, the facts stated constitute a crime, of which this court has jurisdiction, it also appearing that it was committed without the jurisdiction of any particular state or district (section 14 of act of 1825; Rev. St. § 730); and that the defendant was first brought into this district, independent of the jurisdiction specially confer-

red upon it by section 7 of the Alaska act of 1868 (Rev. St. § 1957).

The demurrers are overruled, but the defendant may be heard upon the same questions in arrest of judgment if a verdict should be given against him on the trial.

The defendant afterwards pleaded guilty and was fined.

[For application for writ of habeas corpus, see Case No. 2,432.]