2 F. 61

**UNITED STATES v. WILLIAMS.**

Circuit Court, D. Oregon.

Feb. 5, 1880.

Rufus Mallory, District Attorney, for the United States.
William H. Page, for defendant.

DEADY, District Judge.

On January 7, 1879, the grand jury for this district found an indictment against the defendant, containing two counts.

The first one charges him with "an attempt to commit the crime of murder by means not constituting an assault with a dangerous weapon," by wilfully and maliciously "shooting one Edward Robert Roy," on October 8, 1879, with a loaded pistol, with intent him to murder, at Sitka, in the territory of Alaska. The second one charges him with an assault upon said Roy, at the time and place aforesaid, with a loaded pistol, with intent him to kill, and alleges that said territory of Alaska was then and there Indian territory. The defendant demurred to the indictment upon the ground that the facts stated did not constitute a crime.

The court sustained the demurrer to the second count, holding that Alaska was not "the Indian country" within the purview of section 21 of the act of March 27, 1854, (10 St. 270; Rev.St. § 2142 [25 U.S.C.A. § 213]) defining the crime of an assault by a white person within such country, with a deadly weapon, with intent to kill, and citing U. S. v. Seveloff, Fed.Cas.No.16,252, 2 Sawy. 311; U. S. v. Carr, Fed.Cas.No.14,730, 3 Sawy. 302; Waters v. Campbell, Fed.Cas.No.17,264, 4 Sawy. 121.

The demurrer to the second count was overruled pro forma, whereupon the defendant pleaded guilty thereto, and then moved in arrest of judgment for the cause stated in the demurrer.

This count is based upon section 2 of the act of March 3, 1857, (11 St. 250; Rev.St. § 5342), which provides in effect that every person who, within any place or district of country under the exclusive jurisdiction of the United States, or upon the high seas or other water within the admiralty jurisdiction thereof, and out of the jurisdiction of any particular state, attempts to commit murder "by any means not constituting the offense of assault with a dangerous weapon," shall be punished, etc.

Without doubt Sitka, in Alaska, is a place under the exclusive jurisdiction of the United States, and, so far as this charge is concerned, not within the jurisdiction of any organized or judicial district thereof. Therefore, it appearing from the indictment that the defendant was first brought within this district for trial, it follows that, if the alleged assault is a violation of any law of the United States, the motion must be denied. Rev.St. § 730 (28 U.S.C.A. § 102 and note); U. S. v. Carr, supra, Fed.Cas.No.14,730, 3 Sawy. 302, 304.

The only provision in the statutes of the United States for punishing an attempt to commit murder or manslaughter on land, is found in section 5342, supra, but for some reason this is confined to cases where the means used do not constitute "the offense of assault with a dangerous weapon."

The punishment of an assault with a dangerous weapon, or with intent to perpetrate a felony, committed on the waters within the jurisdiction of the United States, and out of the jurisdiction of any particular state, was provided for in section 4 of the act of March 3, 1825 (4 St. 115; Rev.St. § 5346) but not the attempt to commit murder or manslaughter, unless it was coincident with such assault. But an attempt to commit murder or manslaughter on land, or an assault there, by whatever means committed, was not punishable by any law of the United States until 1857, when, as has been stated by section 2, of the act of March 3 of that year, it was declared that an attempt to commit murder or manslaughter, whether on land or water, should

be punished as therein prescribed, provided, such attempt was not made by means of the assault mentioned in the act of 1825, supra, thus limiting the operation of the statute to attempts made by drowning, poisoning, or the like. And probably this was so provided upon the erroneous impression that the act of 1925 was applicable to assaults committed on land as well as water.

But, however this may be, as a result of this patchwork legislation, it appears that there is no punishment provided for an assault with a dangerous weapon, committed within the exclusive jurisdiction of the United States, if committed on land, even if such assault should involve, as it may, and did in this case, an attempt to commit murder.

In the drawing of the indictment an effort has been made to bring this case within the terms of section 5342, Rev.St., by an averment therein that the attempt to murder was made "by means not constituting an assault with a dangerous weapon." But this is necessarily avoided, and, in effect, rendered null, by the very statement of the commission of the alleged offense, that the defendant attempted to commit murder by shooting Roy with a loaded pistol.

Whether a particular weapon is a deadly or dangerous one is generally a question of law. Sometimes, owing to the equivocal character of the instrument—as a belaying pin—or the manner and circumstances of its use, the question becomes one of law and fact, to be determined by the jury under the direction of the court. But where it is practicable for the court to declare a particular weapon dangerous or not, it is its duty to do so. A dangerous weapon is one likely to produce death or great bodily injury. A loaded pistol is not only a dangerous but a deadly weapon. The prime purpose of its construction and use is to endanger and destroy life. This is a fact of such general notoriety that the court must take notice of it. U. S. v. Small, Fed.Cas.No.16,314, 2 Curt. 242; U. S. v. Wilson, Fed.Cas.No.16,730, 1 Baldw. 78, 99. It appears, then, from the indictment, notwithstanding the averment therein to the contrary, that the act alleged to be an attempt to commit murder was an assault with a dangerous weapon, and therefore not punishable by the statute.

The motion in arrest of judgment must be allowed, and the defendant discharged.

By this ruling the defendant will escape punishment for what appears to have been an atrocious crime, but the court cannot inflict punishment where the law does not so provide. It is the duty of the legislature to correct the omission or defect in the law, and it is to be hoped that the result in this case will attract the attention of congress to the matter at an early day.