UNITED STATES v. SITARANGOK.

(Second Division. Nome. June 14, 1913.)

No. 950C.

INDIANS (§ 5*)—ESKIMO—WORK ON HIGHWAYS.

> Act Cong. April 27, 1904, c. 1629, 33 Stat. 391, requires each road overseer in Alaska to "warn out all male persons between eighteen and fifty years of age," etc., to work on the public roads. The defendant is a male person having the requisite qualifications, but refused to work because he is an Eskimo, a native of Alaska. On an agreed state of facts submitted, *held*, an Eskimo or Indian is such a male person as may be required to work on the roads, and the fact of his being a native does not excuse him under the terms of the act.
>
> [Ed. Note.—For other cases, see Indians, Dec. Dig. § 5.*]

This case was submitted to the court by stipulation on agreed statement of facts; N. H. Castle, Assistant United States Attorney, signing the stipulation on behalf of the plaintiff, and O. D. Cochran, Esq., on behalf of the defendant.

The statement of facts is as follows:

"(1) That said defendant is a male person of the Eskimo race, between the ages of 18 and 50 years, and has continuously resided in the Council road district, Council City precinct, Second division, district of Alaska, for more than two years last past.

"(2) That said defendant is able-bodied and capable of performing labor on roads or trails; and that said defendant is not a precinct charge.

"(3) That said defendant was duly served by A. B. Kinne, the duly appointed, qualified, and acting road overseer of said Council road district, on August 17, 1912, to appear on August 20, 1912, and do two days' labor in repair work on the public road at a designated place within said road district, or to furnish a substitute to do the same, or to pay the sum of $4 per day for two days' labor.

"(4) That, said defendant neglected and refused to do the two days' labor, or to furnish a substitute, or pay in money the price of two days' labor, as provided in the act of Congress approved April 27, 1904, and the said defendant still neglects and refuses to do the two days' work, or to furnish a substitute to do the same, or to pay in money the price of the two days' work, as provided in said act."

That the only issue to be raised in said action is an issue of law; said issue being whether or not said defendant, being

of the Eskimo race, is, under the terms and provisions of the law, subject to be charged with a road or trail tax.

N. H. Castle, Asst. Dist. Atty., of Nome, for the United States.

O. D. Cochran, of Nome, for defendant.

MURANE, District Judge.    The act of Congress under which this prosecution is brought is an act entitled "An act to authorize the appointment of road overseers, and to create road districts in the district of Alaska," approved April ·27, 1904·(33 Stat. 391), and reads in part as follows:

"Road overseers of the different precincts are authorized, and it is made their duty, to warn out all male persons between eighteen and fifty years of age who have resided thirty days in the district of Alaska, who are capable of performing labor on roads or trails, and who are not a precinct charge, to perform two days' work of eight hours each in locating, constructing, or repairing public roads or trails, under the direction of the road overseer within whose precinct they may respectively reside, or furnish a substitute to do the same, or pay the sum of four dollars per day for two days' labor, and said road overseer shall receipt for the same and shall expend it in location, construction, or repairs on the public roads and trails within his precinct; and any moneys so received and not expended shall be paid over to his successor in office, who shall expend the same as above provided.  The overseer of roads and trails in each precinct shall give notice to persons residing in his precinct liable to or charged with a road or trail tax of the time and place and the kind of work expected to be performed on the road or trail, and may direct what implements such persons shall bring with which to perform such work.  Whenever it shall happen, in consequence of sickness or absence from home, or any other cause, that the two days' work aforesaid shall not be performed within the time specified in this act, the overseer shall be authorized to require the performance of such work at any time prior to the first day of October then next ensuing; and in case any person shall neglect or refuse to do the two days' work, or furnish a substitute, or pay in money the price of two days' labor, as provided in this act, he shall be deemed guilty of a misdemeanor and shall be fined in the sum of ten dollars for each day refusing so to work upon conviction before any justice of the peace of the precinct.  If any person shall appear at the proper time and place as directed by the overseer and neglect or refuse to do a reasonable day's work according to his ability, he shall be liable the same as if he had neglected or refused to appear, or furnish a substitute, or pay the sum of money as provided herein.  Under the direction of the overseer, and at his discretion, the above road tax may be per-

formed by one day's work, together with an able-bodied man, a two-horse team with wagon, or a dog team consisting of not less than five doys and a sleigh, or a reindeer team of not less than two reindeer and sleigh or cart."

The only question to be decided is whether this act applies to a member of the Eskimo race inhabiting Alaska, who has not, by reason of segregation from his people and the adoption of civilized life, become a citizen of the United States? Counsel for defendant, in a brief submitted, very ably contends that the law does not apply to Alaska natives, or Eskimo. It will be noted that the only exception in the statute is "a precinct charge"; there is no contention that the defendant is not capable of performing the work or that he is a precinct charge. The legal status of Alaska natives is too well settled to require extended discussion at this time. In re Sah Quah (D. C.) 31 Fed. 327; In re Carr, 3 Sawy. 316, Fed. Cas. No. 2,432; In re Can-ah-conqua (D. C.) 29 Fed. 687; Waters v. Campbell, 4 Sawy. 121, Fed. Cas. No. 17,264; Kie v. United States (C. C.) 27 Fed. 351.

In the statute quoted above, the road overseer is required to order out "all male persons." Is an Indian included in the word "person," as used in this statute? That he is cannot be doubted, after a careful reading of the opinion of Judge Hawley in the case of United States v. Miller (D. C.) 105 Fed. 944, and the case of United States v. Shaw-Mux, 2 Sawy. 364, Fed. Cas. No. 16,268. These cases construe the word "person" to include an Indian, in fact every person not excepted from the operation of the word by the context of the statute.

In order to ascertain the legislative intent in passing the road overseer act, the last clause of the statute as quoted may throw some light upon the subject. That clause reads:

"Or a reindeer team of not less than two reindeer and sleigh or cart."

Many years before the passage of this act, the government had introduced reindeer into Alaska to be distributed among the natives, and it is a matter of public knowledge that many natives in Alaska own reindeer herds ranging from a few deer

up to several hundred. And it is the policy of the government to confine the industry to the natives of Alaska; the white inhabitants are not permitted to purchase female deer from the natives nor from the government, and in this way the ownership of reindeer has been confined almost exclusively to the natives. It would seem reasonable, then, to believe that Congress had intended that the natives might be permitted to use their domesticated deer in working upon the roads and trails.

Counsel for the defendant very urgently contends that on account of the relationship existing between the Alaskan natives and the government, natives being, in a sense, wards of the government or in a state of pupilage, it would be the natural policy of the government that they be exempted from all kinds of taxation. Strictly speaking, the road statute is not a taxing statute; and I cannot conceive that it is contrary to the policy of the government to educate the natives in the science of road building any more than it would be to educate them in any other line of industry which would tend to their civilization.

Let judgment be entered in accordance with the views herein expressed.