Argued at Pendleton January 12, affirmed February 23, rehearing
denied March 30, 1926.

## STATE *v.* JOSEPH I. CAVENDER.

(243 Pac. 766.)

**Criminal Law—Admission of Testimony of Physician That Revolver
Wound was Serious Held not Prejudicial in Prosecution for
Assault With Intent to Kill.**

1.  In prosecution for assault with intent to kill where defendant
admitted shooting with revolver, admission of physician's testimony
that wound was serious, even if it were not proper as expert opinion,
*held* not prejudicial, as revolver *per se* is a deadly weapon.

**Criminal Law.**

2.  Court is compelled to take notice of fact that revolver was
necessarily deadly weapon.

**Homicide—Admission of Declarations of Deceased That Accused
Shot Him Held not Prejudicial, Where Shooting was Admitted.**

3.  In prosecution for assault with intent to kill, where shooting
by accused was admitted and only issue was self-defense, admission
of declarations by party who was assaulted and had subsequently
died *held* not prejudicial.

**Homicide—Admission of Declarations of Deceased That Accused Shot
Without Provocation Held not Prejudicial, Where Testimony
of Deceased at Former Trial to Same Effect was Introduced.**

4.  In a prosecution for assault with intent to kill, admission of
declarations of person assaulted who had subsequently died, that
accused had shot him without provocation *held* not prejudicial, where
testimony of deceased given at former trial substantially to same
effect was admitted and read to jury.

**Homicide.**

5.  In prosecution for assault with intent to kill, where accused
admitted shooting, whether shot was fired in self-defense *held* for
jury under evidence.

Criminal Law, 16 **C. J.,** p. 517, n. 58, p. 748, n. 50, p. 758, n. 53;
17 **C. J.,** p. 317, n. 10, p. 319, n. 18.

Homicide, 30 **C. J.,** p. 318, n. 96, p. 324, n. 76, p. 326, n. 94, p. 329,
n. 20.

Weapons, 40 **Cyc.,** p. 852, n. 1.

From Harney: LOUIS P. HEWITT, Judge.

Department 2.

On the twenty-eighth day of September, 1923, the
defendant was indicted for the crime of assault with

intent to kill alleged to have been committed on the
fifth day of July, 1923, in Harney County, by shooting
R. L. Haines with a revolver loaded with powder and
ball with intent to kill him.  On the first trial, April
15, 1924, there was a disagreement and the case was
again tried on October 15, 1924.  The trial jury re-
turned a verdict of guilty, as charged in the indict-
ment, and from a judgment thereon the defendant ap-
pealed to this court.                    AFFIRMED.

For appellant there was a brief and oral argument
by *Mr. H. V. Schmalz.*

For respondent there was a brief and oral argu-
ment by *Mr. V. G. Cozad.*

McBRIDE, C. J.—Many of the objections urged
here become immaterial in view of the absolutely
admitted facts.  A difficulty occurred between R. L.
Haines, the injured man, and the defendant on the
fifth day of July, 1923, in the course of which defendant
discharged the pistol loaded with powder and ball, a
bullet penetrating the left side of the injured man and
passing entirely through his body, from the effects of
which, the testimony indicates, he died later.

The following are the facts, which are practically
admitted: First, that the defendant was armed with
a revolver containing ten cartridges; and second, that
at a distance of ten feet, he discharged the revolver
with the effect that it penetrated the body of the in-
jured man, seriously injuring him.  So, we have here,
by the admissions of the defendant, the fact that he
shot Haines, the injured man, with a revolver, seri-
ously wounding him, and the sole question to be de-
termined is whether he fired with intent to kill, or, as

he claims, in self-defense without any intent to do any greater injury than was necessary for the purpose of such defense.

1. A great deal of time was taken up by testimony of witnesses as to what was said and done after the shooting or about that time, but, in view of the admissions of the defendant, much of this evidence is not material to the discussion of this case, which narrows it down to the question of self-defense, and the intent with which the pistol was fired. Serious objections were made to the admission of testimony of the physician, that the wound was a serious one, but we think that testimony was admissible as the opinion of an expert upon that subject. But, even, if it were not, it becomes wholly unimportant in view of the fact that the defendant admits doing the shooting with a revolver, which, *per se,* is a deadly weapon. As said by Judge DEADY in *United States* v. *Williams,* 2 Fed. 61, 64:

"A loaded pistol is not only a dangerous but a deadly weapon. The prime purpose of its construction and use is to endanger and destroy life. This is a fact of such general notoriety that the court must take notice of it."

2–4. Therefore, we are compelled to take notice of the fact that the weapon used as it was used was not only one of which the court will take judicial notice, was a deadly weapon, but also one which, from the nature of the injury it was capable of inflicting and did inflict, was necessarily such. The same course of reasoning will apply to the declarations of Haines, made at the time of the injury, that Cavender had shot him, which Cavender admits, and the further declaration, that he shot him without provocation,

which becomes immaterial in view of the fact that at the first trial Haines testified substantially to the same effect and to all the circumstances without objection, and having died before the second trial, his testimony, taken at the first trial, was admitted and read to the jury.

5. So, as we say, the case revolves itself to the question as to whether the shot was fired in self-defense, which was a question of fact for the jury concerning which the testimony was conflicting, but which was finally resolved in favor of the state. The same applies as to the intent with which the pistol was fired. The defendant says he was "rattled" and had no intention of killing, but merely shot to defend himself, but the result of his marksmanship and evidence of previous threats made by him were such that the jury was convinced that the shot was fired with intent to kill, and that he began the affray. With the verdict in that regard, the court, as a matter of law, has nothing to do. We do not attempt to reconcile the conflicting evidence as the jury has already done that to its satisfaction. We find no reversible error in the transcript and the judgment is affirmed.                                          AFFIRMED.

BROWN, RAND and BELT, JJ., concur.