## Case No. 15,978.

### UNITED STATES v. OUTERBRIDGE.

[5 Sawy. 620.] [1]

Circuit Court, D. California. June 25, 1868.

DEGREES OF MURDER—MANSLAUGHTER—MALICE—JUSTIFIABLE HOMICIDE—SELF-DEFENSE—THREATS.

1. In the laws of the United States, there is no such designation as murder in the first degree or murder in the second degree; they simply provide for the crime of willful murder, and attach to it the punishment of death.

2. In the absence of statutory provisions, the federal courts resort to the common law for guidance in the construction of legal terms and phrases.

[Cited in U. S. v. Clark, 46 Fed. 635.]

3. The difference between murder and manslaughter consists in the existence of malice. express or implied in the one case, and the absence of malice in the other.

[Cited in The Ambrose Light, 25 Fed. 426.]

4. Malice is implied in every case of intentional homicide; that is to say, when once it is established that a person was intentionally killed. the law implies that malice existed in the party who caused the death, and the burden rests upon him to rebut the implication.

[Cited in Ex parte Brown, 40 Fed. 83.]

[Cited in People v. Dillon, 30 Pac. 152.]

5. A man may repel force by force in the defense of his person, his family or property, against any one who manifestly endeavors by violence or surprise to commit a felony. The right to oppose force to force in such case, is founded upon the law of nature, and is not superseded by the law of society.

6. Neither words nor gestures, however insulting and irritating, nor an assault, will justify the killing of the aggressor; his killing is justifiable only when there is an apparent intent by him to commit a felony, and the danger is imminent, and the species of resistance used necessary to avert it.

7. By imminent danger is meant immediate danger, such as must be instantly met, such as cannot be guarded against by calling on the assistance of others or the protection of the law.

8. Mere threats against the person or life of another, without any attempt at execution, will not justify homicide, nor even when such attempt at execution is made, unless the danger be so imminent as not to admit of any delay in meeting it on the part of the assailed.

The defendant [Heber Outerbridge] was indicted and tried at the June term of 1868, for murder on the high seas.

J. B. Manchester, for defendant.

Delos Lake, U. S. Atty.

FIELD, Circuit Justice (charging jury). The facts of this case lie in a very narrow com-

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

pass, and the principles of law applicable to them are very simple and can be readily understood. You are the exclusive judges of the facts; that is to say, it is your province to pass upon the evidence, to give to it such weight as you may deem it entitled, and determine therefrom all disputed questions of fact. The duty of the court will end when it states to you the law by which the offense charged is to be considered, and the principles by which the evidence is to be weighed.

The prisoner at the bar is indicted for the crime of murder. The indictment charges that the defendant did, on the first of April of the present year. on the high seas, on board of the American vessel Jenny Prince, belonging to citizens of the United States, feloniously, willfully, and of malice aforethought, make an assault upon one William Anderson, then aboard of said vessel, and by a capstan bar, an instrument of wood, of four feet in length and six inches in circumference, inflict several mortal wounds upon his head and neck, of which he. on the same day, died. The charge here is of the murder of William Anderson, upon the high seas, on the first of April. last.

The act of congress under which the indictment is found provides what the punishment shall be for this crime; it declares that the punishment shall be death. But it does not define the crime itself, nor establish any degrees in the turpitude of the offense, as does the law of the state. There is no such designation made in the laws of the United States as murder in the first or murder in the second or any other degree. The statute simply enacts that if any person upon the high seas, or in any arm of the sea within the admiralty and maritime jurisdiction of the United States, and out of the jurisdiction of any particular state, shall commit the crime of willful murder. such person shall, upon conviction thereof, suffer death. We must therefore resort to the common law for a definition of the crime. In the absence of statutory provisions, the federal courts are obliged to resort to that law for guidance in the construction of legal terms and phrases. By that law murder is defined to be the willful killing of a human being in the peace of the country. with malice aforethought, either expressed or implied. The term malice is here used in a technical sense, and includes not merely hatred and revenge, but every bad and unjustifiable motive. Express malice exists when one, with deliberate premeditation and design formed in advance, kills another, such premeditation and design being manifested by external circumstances capable of proof. such as lying in wait. antecedent threats, and concerted schemes to do the party bodily harm. Malice is implied by the law from any deliberate and cruel act committed by one person against another. Thus it is implied when one man kills another without provocation, or where the provocation is not great, for no person except one of an abandoned heart could be guilty of such an act without cause, or upon any slight cause. The terms express and implied malice, in truth, indicate the same state of mind, but they are established in different ways; the one by circumstances showing premeditation of the homicide. and the other being inferred only from the act committed.

Manslaughter is the unlawful killing of a human being without malice, express or implied. It may be voluntary or involuntary. It is voluntary when committed with a design to kill, under the influence of a sudden and violent passion caused by great provocation, which the law, in its tenderness to the infirmity of human nature, considers such a palliative of the offense as to rebut the presumption which would otherwise arise of malice. Manslaughter is involuntary when committed by accident, or without any intention to take life. As you will thus perceive, the difference between murder and manslaughter consists in the existence of malice, express or implied, in the one case, and the absence of malice in the other.

Now, malice is implied in every case of intentional homicide; that is to say, when once it is established that a person was intentionally killed, the law implies that malice existed in the party who caused the death. If there are any circumstances of excuse or palliation which will rebut the implication of malice. it is incumbent upon him to show them. The burden of proof rests upon him, for the law presumes that every person intends to produce the results which are the usual consequences of his acts. A man can not strike another violently with a bar of iron without inflicting bodily pain; if, therefore, he does thus strike another, the law presumes that he intended thus to inflict pain. The usual effect of a leaden ball fired from a loaded pistol of the common size, at a distance of a few feet only, striking the head or back of a person, is to kill such person; the law therefore presumes that every one who thus fires a loaded pistol within a few feet of the object intends to kill; it therefore implies malice in him.

In the present case there is no question as to the homicide charged, nor is there any question that the homicide was committed by the prisoner, nor is it denied that the blows which caused the homicide were intentionally given. The instrument used was of such magnitude and weight that it would, in all probability, have broken the skull, had it been applied with slight force, but the evidence shows that great force was used. There is no element in the case which can bring the homicide within the definition of manslaughter. There was here no sudden and violent passion produced by great provocation, which, for the moment, overpowered the reason of the prisoner. He does not rest his defense upon any such ground. His defense is that he was justified in taking the

life of Anderson; that the homicide was required for the preservation of his own life.

Now upon this subject of justification the law is explicit. A man may repel force by force in the defense of his person, his family or property, against any one, who manifestly endeavors by violence or surprise to commit a felony, as murder, robbery, or the like. The right to oppose force to force in such case is founded upon the law of nature, and is not and can not be superseded by the law of society.

In the definition of justifiable homicide the following particulars, says Mr. Justice Washington, "are to be attended to. The intent must be to commit a felony. If it be only to commit a trespass, as to beat the party. it will not justify the killing of the aggressor. No words, no gestures, however insulting and irritating, not even an assault, will afford such justification; although it may be sufficient to reduce the offense from murder to manslaughter. In the next place, the intent to commit a felony must be apparent. which will be sufficient, although it should afterwards turn out that the real intention was less criminal, or was even innocent. This apparent intent is to be collected from the attending circumstances, such as the manner of the assault, the nature of the weapons used. and the like. And, lastly, to produce this justification, it must appear that the danger was imminent, and the species of resistance used necessary to avert it." U. S. v. Wiltberger [Case No. 16,738].

You will observe from this language that the intent to commit the felony must be apparent; that is, in the process of execution, so that the movement towards the execution becomes cognizable by the senses. For example, if a man declares that he will kill another, and moves towards him with a heavy weapon raised in the position to strike, or with a pistol cocked and directed towards him, the intent to commit a felony would be apparent. although in point of fact the party may never have intended to strike, or the pistol may have been unloaded. As observed by Mr. Justice Washington, this apparent intent is to be collected from the attending circumstances, such as the manner of the assault, the nature of the weapons used, and the like.

You will observe from the language cited that the intent to commit a felony must not only be apparent, it must also appear that the danger was imminent, and the species of resistance used necessary to avert it. By imminent danger is meant immediate danger—one that must be instantly met: one that can not be guarded against by calling on the assistance of others or the protection of the law. And the species of resistance used, that is, the means to prevent the threatened injury, must be such as were necessary to avert it.

Tested by these rules. the defense utterly fails. We will not even presume to suggest that the threats of the deceased were the mere coarse vaporings of a brutal sailor, never intended to be carried out. We will assume that, at the time they were uttered. they were the expression of a determined purpose on the part of the deceased. There is no evidence of any subsequent attempt to carry them into execution; nor is there any evidence that there was not adequate means with the captain and the rest of the crew. for the protection of the defendant. The danger, if any ever existed, that the threats would be carried into effect, was not imminent. The deceased was at the time asleep, covered by a sail on the deck. If it had been reasonable to believe that on awakening he would have proceeded at once to the execution of his threat, even then the means to secure him and prevent him should have been resorted to. There was sufficient force on board to control him.

Mere threats against the person or life of another, without any attempt at execution, will not justify homicide, nor even when such attempt is made, unless the danger be so imminent as not to admit of any delay in meeting it on the part of the assailed. No other rule could exist with proper security to human life in society.

The case is in your hands. As already said, you are the exclusive judges of the facts; that is to say, it is your exclusive province to pass on the evidence, and to give it such weight as you may judge it entitled to receive.

The jury found the defendant guilty of murder.