## Case No. 16,139.

### UNITED STATES v. REEVES et al.

#### [3 Woods, 199.] 1

Circuit Court, D. Louisiana. Nov. Term, 1878.

QUALIFICATIONS OF JURORS—GRAND JURORS—
PREVIOUS SERVICE.

1. Where a juror was summoned to the November term, 1876, and was impaneled and sworn on December 11, 1876, and afterwards was summoned as a juror to the November term, 1878, and was impaneled and sworn on December 14, 1878: *Held*, that he was not liable to challenge under section 812 of the Revised Statutes, although his service as a juror under the first summons extended to April 27, 1877.

2. Defendants who have not had any earlier chance to object to the composition of the grand jury by which they have been indicted, may do so by plea in abatement.

3. The fact that a grand juror had, on a previous summons, attended the court as a juror within two years, does not constitute such a disqualification under section 812 of the Revised Statutes as will render bad any indictment found by the grand jury of which he is a member.

[Cited in U. S. v. Clark, 46 Fed. 640.]

[Cited in State v. Elson, 45 Ohio St. 657, 16 N. E. 686. Cited in brief in State v. Ward, 60 Vt. 147, 14 Atl. 190.]

[4. Cited in U. S. v. Richardson, 28 Fed. 67, to the point that in misdemeanors, as well as felonies, two or more pleas in abatement, not repugnant to each other, may be pleaded together.]

[Indictment against L. Vincent Reeves and others. Heard on demurrer to pleas in abatement.]

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

A. H. Leonard, U. S. Atty.

W. F. Mellen, D. C. Labatt, and Julius Aroni, for defendants.

WOODS, Circuit Judge. The pleas in abatement are based on section 812 of the Revised Statutes, which declares: "No person shall be summoned as a juror in any circuit or district court more than once in two years, and it shall be sufficient cause of challenge to any juror called to be sworn in any cause that he has been summoned and attended said court as a juror at any term of said court held within two years prior to the time of said challenge."

One plea alleges, in substance, that P. E. Bechtel was summoned as a juror at the November term, 1876, of this court, and was impaneled and sworn as a grand juror on December 11, 1876, and continued to serve as such grand juror until April 27, 1877; and that the same P. E. Bechtel was summoned as a juror at the November term, 1878, of this court, and was impaneled and sworn as a grand juror on December 14, 1878, and continued to serve as said grand juror until March 1, 1879, and until the indictment in this case was found and returned, and was of the panel by which said indictment was found and returned.

The other plea alleges that J. B. Glandin was summoned to serve as a juror in this court for the November term, 1877, and was sworn and impaneled as a petit juror in November, 1877, and served as such until January 22, 1878, and that said Glandin was summoned as a juror for the November term, 1878, of this court, and on December 14, 1878, was impaneled and sworn as a grand juror in this court, and continued to serve as such up to March 1, 1879, and was of the panel by which said indictment was found.

To these pleas the United States attorney has filed a demurrer on the ground that the same were bad in law.

As to the first plea, it is obvious to remark that the facts stated do not bring it within the terms of the section on which it is predicated. It does not appear from this plea that Bechtel was summoned "more than once in two years," nor does it appear that the juror has been summoned and attended said court as a juror at any term of said court held within two years prior to the time of said challenge. It does not appear from the plea precisely when the juror named was summoned, but it is stated that, in the first instance, he was summoned to the November term, 1876, and in the second to the November term, 1878. The period of two full years had elapsed between the beginnings of these two terms.

According to the plea under consideration, the juror was impaneled and sworn on the grand jury on December 11, 1876, and was not again impaneled and sworn until December 14, 1878, a period of more than two years. Even supposing he had been chal-

lenged on the day he was sworn, the challenge would have been ineffectual, for the juror had not been summoned and attended as a juror within two years, for at least a part of the term at which he last attended was held more than two years previously.

I do not think that the fair construction of this section is that twenty-four months must elapse between the close of the term at which a juror is summoned and serves and the beginning of the next term at which he is competent to serve. In this district this construction would render a juror incompetent for nearly two years and six months, for the November term of the court invariably lasts until the third Monday of April following. But the law in effect is, that he may be summoned as often as once in two years. It cannot be that the law allows a juror to be summoned as often as once in two years and at the same time forbids him to serve oftener than once in two years and six months. The juror named in this plea has not been summoned oftener than that.

This has, so far as I know, been invariably the construction put in this circuit upon the section under consideration. This plea is, therefore. bad. because the case of the juror named therein does not fall within the terms of section 812.

So far as the lapse of time is concerned, the second plea is not open to this objection. The grand juror named in this plea served on the grand jury by which the bill was found and also served on the grand jury impaneled in November, 1877.

As the defendants have not before now had an opportunity to object to the composition of the grand jury by which they were indicted, they may take advantage of any disqualification of any of the grand jurors by plea in abatement: U. S. v. Hammond [Case No. 15,-294], and cases there cited.

The question is, therefore, squarely presented whether the facts set out in this plea render the indictment bad and liable to be quashed.

That depends on whether section 812 imposes a disqualification to serve as grand jurors upon persons who fall within its terms.

It seems doubtful whether section 812 applies at all to grand jurors, especially the second clause of the section, which declares: "It shall be sufficient cause of challenge to any juror called to be sworn in any cause, that he has been summoned and attended said court as a juror, at any term of said court held within two years prior to the time of said challenge." Grand jurors are not called to be sworn in any cause. They are sworn to investigate offenses against the criminal law generally, and causes which they institute where there has been no previous arrest are not in existence until their duty in reference thereto is fully completed and ended. The clause just quoted would not, therefore, seem to apply to them. It appears rather to be aimed at jurors taken de talibus circumstantibus—persons not regularly sum-

moned as jurors, but called in as talesmen from the by-standers.

But, conceding that the entire section applies to grand as well as petit jurors, the question is, does the section impose such a disqualification on a grand juror as would render an indictment found by a jury of which he was a member bad?

It is easy to perceive that it was the object of congress, by the enactment of section 812, to secure the selection of jurors who were from the body of the district, and they should not be professionally or habitually called into the courts of the United States.

To effectuate this object they made two provisions, the first of which is a direction to those who select the array that they shall not summon any person who has been summoned within two years; and, second, that if, through ignorance of the facts any person should be twice summoned within two years, and should have attended within that period he might, when called to be sworn in any cause, be challenged. Congress has not seen fit to impose any consequence of invalidity upon verdicts, either by direct language or by necessary implication, when jurors were not challenged for this cause, who might have been.

The language of this section is guarded with great precision, and is in marked contrast with that of section 820. There is a distinction to be observed between a positive disqualification and a cause of challenge. Thus section 820 declares certain acts done by a person summoned as a juror to be a cause of disqualification and challenge. The use of the word "disqualification" has some purpose, and implies that there may be causes of challenge which are not positive disqualifications.

In U. S. v. Hammond [supra] I have held that section 820, by its very terms, rendered a juror disqualified, and thereby necessarily invalidated the finding of the jury in cases where there could be no waiver. But the language of the section now under consideration leaves the juror competent, not disqualified, though liable to challenge when called to be sworn, as manifestly as section 820 affects him with absolute disqualification.

In Munroe v. Brigham, 19 Pick. 368, Chief Justice Shaw makes this distinction, and held in effect that the fact that a juror was over the age of sixty-five years, which, by the law of Massachusetts, was not only a ground of exemption from jury duty, but also a ground of challenge by either party to the suit, did not absolutely disqualify the juror from sitting in the case, or furnish ground for setting aside the verdict returned by the jury of which he was a member.

I think the distinction rests on solid grounds. Pleas in abatement being dilatory are not favored. O'Connell v. Reg., 11 Clark & F. 155; Com. v. Thompson, 4 Leigh, 667; State v. Newer, 7 Blackf. 307.

In the case of People v. Jewett, 3 Wend. 321, the defendant and one Burrage Smith

were indicted for having, with others, conspired without legal authority or justifiable cause to carry off and transport one William Morgan to a place unknown.

Objection was taken to the indictment that one Benjamin Wood, one of the grand jurors, had, before the finding of the bill of indictment, in repeated conversations declared that the defendant was concerned in the abduction of Morgan, aided in carrying him off, was guilty thereof, and ought to be punished therefor; and it was alleged that the defendant had not been apprised of any criminal proceeding against him, not having been arrested or required to enter into recognizance.

In reply to this objection, Savage, C. J., said: "The books are silent on the subject of such exception after indictment found, and in the absence of authority I am inclined to say, in consideration of the inconvenience and delay which would ensue in the administration of criminal justice were a challenge to a grand juror permitted to be made after he was sworn and impaneled, that the objection comes too late."

In the same case Marcy, J., said: "As the defendant was not recognized to appear at the sessions when the indictment was found, he did not know that any charge would be laid before the grand jury against him, and consequently he had no opportunity to object to the jurors before they were sworn and had presented their indictment. * * * Though I feel the force of the argument, that the defendant should be allowed the benefit of an exception to a partial grand juror, I cannot turn my view from the consideration of the great delays and embarrassments which would attend the administration of criminal justice if it was to be obtained in the way now proposed. No authority for adopting this course was shown on the argument, and I have not since been able to find any."

And in Munroe v. Brigham, supra, Chief Justice Shaw remarks: "Upon general grounds, unless presumptively required by statute, it would be inconsistent with the purposes of justice to allow such an exception to a juror. * * * Where no other incapacity exists, and no injustice is done, nothing but a positive rule of law would seem to require that a verdict should, on that account be set aside."

This authority is cited merely to show how reluctant the courts are to interfere with the indictments of a grand jury by reason of the unfitness of one or more of the grand jurors. Nevertheless, courts will interfere where there has been a positive disqualification imposed by statute. But as, in my judgment, the fact that the juror has served within two years as a juror in the court is not made by section 812 a positive disqualification, but only a ground of challenge. I do not think that it can be urged as a reason for quashing the indictment.

Demurrer to pleas in abatement sustained.