## STATE *v.* LEE PING BOW.

INDICTMENT—WHAT WILL NOT VITIATE.—If from the whole indictment the intention to charge all the parties, named as defendants, with the commission of the alleged offense clearly appears, the use of a singular instead of the plural verb, in the commencement, showing who are accused, will not vitiate it.

IDEM.—Where the indictment charges the defendants with stealing "from and on the person," the words "and on" may be rejected as surplusage.

DISCRETION OF COURT.—The decision of the court below, upon matters resting in its sound discretion and upon conflicting evidence, where such decision does not appear from the record to have been against the weight of such evidence, will not be disturbed on appeal.

CIRCUMSTANTIAL EVIDENCE.—Evidence that the prosecuting witness, only a few hours previous to the time of the alleged larceny of money from his person, had in his possession the amount of money charged to have been stolen, was not immaterial or irrelevant, when offered in connection with other evidence, tending to prove the felonious taking from his person.

IMPERTINENT remarks of counsel, in the course of their arguments to the jury, unconnected with any error or omission of duty on the part of the court trying the case, affords no ground for a reversal of judgment.

APPEAL from Multnomah County. The facts are stated in the opinion.

By the Court, WATSON, J.:

The appellant was indicted jointly with one John Doe, whose true name was unknown to the grand jury, for the crime of larceny from the person, in Multnomah county. Upon his separate trial on the indictment, at the last May term of the circuit court for that county, he was found

guilty as charged, and sentenced to two years imprisonment in the state penitentiary, and adjudged to pay the costs of the action. From this judgment he brings this appeal.

The indictment after stating that Lee Ping Bow and John Doe, whose true name is unknown to the grand jury, is accused by the grand jury of the county of Multnomah, by this indictment of the crime of larceny from and on the person of another, charges that "The said Lee Ping Bow and John Doe, whose true name is unknown to the grand jury, on the 19th day of April, A. D. 1881, in the county of Multnomah and state of Oregon, did wilfully, unlawfully and feloniously take, steal and carry away from and on the person of another, namely from and on the person of Chung John," &c.

The appellant makes two objections to the indictment. First, The employment of the verb " is " instead of " are " in the commencement, indicates that only one of the defendants was intended to be accused and leaves it in doubt which was intended. Second, That the use of the words "and on" in connection with the word "from," in the charging part of the indictment, destroys the meaning of the latter word, and renders the indictment invalid for want of a sufficient charge of the offense.

But neither of these objections appears to possess any substantial merit. The concluding portion of the indictment clearly charges both defendants with the commission of the alleged crime, and viewing the instrument as a whole we think there can be no doubt as to the intention to accuse both. The words "and on" do not, and in the connection in which they appear in the indictment, could not qualify or destroy the meaning and effect of the word "from," or neutralize the effect of the whole charge.

There is no ground for saying that the grand jury did

not intend to charge a larceny *from* the person, and if by employing the additional words "and on" they intended to charge that it was also committed *on* the person, or that the money was on the person when it was stolen, they may be regarded as surplusage, in no wise affecting the force of the allegation which charges a complete offense without them. We have not been able to obtain any view of this matter in which the use of these words, in the connection in which they appear in the indictment, could possibly affect its validity.

The next objection urged by the appellant is to the ruling of the court below denying his motion to correct the record of his arraignment. The record shows a regular arraignment, and the motion to correct was based on affidavits tending to prove that appellant was a Chinaman, who did not understand the English language sufficietly to comprehend the proceedings, and that no interpreter was sworn, neither were the proceedings interpreted or explained to him, at the time of his arraignment. Counter affidavits were filed, on behalf of the state, tending to prove that he did sufficiently understand the English language to comprehend all that was done, and that no interpretation was necessary. As the amendment of its record was a matter resting in the sound discretion of the court below, we have no power to review its determinations made in the exercise of that discretion, unless they disclose errors of law. In this instance the evidence furnished by the affidavits was conflicting, and we are by no means satisfied that the decision complained of was against the weight of the evidence.

The bill of exceptions shows that the court below found that the appellant did possess some knowledge of the English language, and we must presume it considered his knowledge sufficient to enable him to understand the proceedings

as they transpired, and that he did, in fact, sufficiently understand them to avail himself of all the benefits which the statute was designated to confer upon him for his protection in making his defense. Taking into account also the facts disclosed by the record, that he appeared by counsel, as well as in person, at every stage of the proceedings previous to his conviction, and that no objection or suggestion of this nature was interposed until after he had been tried and found guilty by the jury, and we cannot doubt the justice or correctness of the ruling denying the motion.

The next exception relates to the admission of the testimony of Ah Gee, a witness for the prosecution. He testified that he saw the prosecuting witness have eighty dollars in the evening, just previous to the larceny. The prosecuting witness, Chung John, had already testified that the money, or a portion of it, which the indictment charged to have been stolen from his person, was taken from him about 8 o'clock that evening, by the appellant. The objection to the testimony of Ah Gee was that it was immaterial and irrelevant, and not connected with any evidence tending to show that appellant knew Chung John had the money at that time. The amount charged in the indictment to have been stolen was seventy-five dollars, the property of said Chung John.

It certainly was necessary for the state to prove that Chung John owned the money, and had it on his person at the time of the larceny. Both these matters were in issue, and we think the testimony of Ah Gee tended to prove them, so that it was neither immaterial or irrelevant. It may have been of slight or grave importance, under the circumstances, but, in any view, we think it was admissible.

The appellant claims, in the next place, that the court below erred in receiving the verdict in the absence of his

counsel, although he himself was present in person. We are not aware of any principle or authority upon which this can be held to be error.

The last objection urged here by the appellant is based on certain remarks made by the District Attorney, in the course of his argument to the jury. Whether strictly justifiable or not, we need not consider, for the record does not disclose any error or omission of duty, on the part of the court below, in respect to them. The objection and exception taken to the remarks of the District Attorney, as the bill of exceptions shows, and the interposition of the court either to check him or direct the jury to disregard the objectionable statements, was not requested. The court was not in fault and the objection fails. The judgment is affirmed and the cause is remanded for further proceedings.

Judgment affirmed.