UNITED STATES *v.* BORNEMANN.

*Circuit Court, N. D. California.* July 31, 1888.)

1. INDICTMENT—CAPTION—MISRECITAL OF DATE OF FINDING.

A misrecital in the caption of an indictment of the date of its finding, it reading "1885," for "1888," where from the whole record the error appears to be merely clerical, is not fatal, as the caption is no part of the indictment.

2. SAME—REV. ST. U. S. § 1025.

Such error also comes within the purview of Rev. St. U. S. § 1025, which provides that no indictment shall be deemed insufficient by reason of any defect in matter of form only, which does not tend to prejudice the defendant.

At Law. Motion to quash indictment.

*Jackson Hatch,* U. S. Dist. Atty., for the United States.

*S. G. Hilborn,* for defendant.

SAWYER, J. The caption of the indictment commences as follows: "At a stated term of the said court, begun and holden at the city and

county of San Francisco, within and for the district of California, on the first Monday of February in the year of our Lord one thousand eight hundred and eighty-*five*," whereas it should have been eighty-*eight*, the word "five" by a clerical error having been written for the word "eight." The offense charged is alleged, in the body of the indictment, to have been committed on the 21st day of August, 1885, after the date when the grand jury is recited in the caption to have been impaneled. For this discrepancy between the caption and the body of the indictment, defendant moves to quash. The indictment is signed by "John T. Carey, United States Attorney," who was such officer at the February term, 1888, but not at the February term, 1885. The indictment is indorsed, "A true bill. ALEXANDER BOYD, Foreman;" and it is also indorsed by the clerk of the court, "Presented and filed in open court, this 1st day of May, A. D. 1888. L. S. B. SAWYER, Clerk." The minutes, journals, and other records of the court show, that the grand jury was in fact impaneled for the February term, 1888, of which Alexander Boyd was foreman, and that a bill for the offense charged in said indictment, was duly presented and filed on the day indicated by the filing of the bill, while there was no such proceeding indicated anywhere in the records of the court for the February term, 1885. Thus all the records except the date in the caption show that the indictment must have been, and in fact, it was found, and presented by the grand jury duly impaneled at the February term, 1888, and the defendant's attorney was present when the jury was impaneled, and took part in their examination.

The question is, whether the clerical error, apparent from the whole record, of writing the word "five," for the word "eight," in the caption, vitiates the indictment. In the opinion of the court it does not. Under the practice in England, to which the criminal practice in the national courts generally, and substantially conforms, in the language of Mr. Archbold, "the caption is no part of the indictment. It is merely the style of the court where the indictment was preferred, which is prefixed as a kind of preamble to the indictment upon the record, when the record is made up, or when it is returned on *certiorari*." Archb. Crim. Pl. 27. He then gives the form of the caption, which is somewhat more full than that of the indictment in this case. Mr. Bishop, after stating that the practice in some of the states is different from that of England, says: "It follows from what has been said, that though the caption is a part of the record, it is not of the indictment, and it may be amended to the same extent as the record in any other place." 1 Bish. Crim. Pr. § 661. And he adds: "The commencement, whether in England or this country, is not a part of the indictment. It is a preliminary statement, liable to be corrected, like an indorsement on the indictment by the clerk of the court, or a docket entry, before it becomes of record, or afterwards, in the same manner as any other part of the record. Such is pretty plainly the true view, though the authorities on the question are not entirely uniform and distinct." Id. § 622. So that neither what is technically called the "caption" nor the "commencement" is a part of the indictment.

That clerical errors of the kind apparent on the face of the whole record do not vitiate the indictment is determined in *Com.* v. *Hines,* 101 Mass. 33; *Com.* v. *Stone,* 3 Gray, 453; *Com.* v. *Mullen,* 13 Allen, 551; *U. S.* v. *Thompson,* 6 McLean, 56. In the case of *State* v. *Davidson,* 36 Tex. 325, the facts are not fully stated. But if in point, it is against the current of authorities where the matter does not depend upon statutes. In *U. S.* v. *McNeal,* 1 Gal. 387, the error was in the body of the indictment. So in *State* v. *Litch,* 33 Vt. 67, the error was in the body of the indictment charging the offense to have been committed at an impossible time. These cases do not affect the question. We are satisfied that the error in the caption, where the whole record clearly shows it to be a mere clerical error, is not fatal.

We also think the case is within the provisions of section 1025, Rev. St., which are that, "no indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." If not within this statute it is difficult to perceive what useful purpose this section can serve. There is no defect or imperfection that can, possibly, tend to the prejudice of the defendant. The motion to quash the indictment is denied.