## UNITED STATES *v.* CLARK.

*(District Court, D. Alaska.   May, 1891.)*

1. **MURDER—JURISDICTION IN ALASKA—CONFLICT OF LAWS.**
   The organic act of the district of Alaska (Act Cong. May 17, 1884, 23 St. at Large, 24) declares the general laws of the state of Oregon in force at that date to be the law of the district so far as the same may be applicable, and not in conflict with the provisions of that act or the laws of the United States, and, in another section, that the laws of the United States not locally inapplicable, and not inconsistent with the provisions of that act, are thereby extended thereto. *Held*, that the laws of the United States would take precedence of the laws of Oregon relating to the same subjects, and the crime of murder committed in such district would be punished in accordance with Rev. St. U. S. § 5339, and not with Crim. Code Or. § 506.

2. **SAME—PROCEDURE—LAWS OF OREGON.**
   Rev. St. U. S. § 5339, providing for the punishment of the crime of murder, having made no provision as to the form of procedure, resort must be had, in testing the sufficiency of an indictment for a murder committed in Alaska, to the laws of Oregon in force May 17, 1884, rather than to the rules of the common law.

3. **SAME—DISQUALIFICATION OF GRAND JURORS.**
   The provision of Civil Code Or. § 918, as amended by St. Or. 1882, p. 61, that no person shall be summoned as a juror more than once in one year, applies only to petit jurors, and the fact that several grand jurors on a panel have served as petit jurors within the year past will not disqualify them, or render the indictment insufficient.

At Law.
*C. S. Johnson*, U. S. Dist. Atty.
*Delaney & Gamel*, for defendant.

BUGBEE, J. This is a demurrer and motion to quash the indictment, which is in the words and figures following:

"IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA, DISTRICT OF ALASKA.

"*The United States* vs. *J. E. W. Clark.*

"U. S. Rev. St. § 5339; Or. Crim. Code, § 506. Of the special November term of the district court of the United States of America within and for the district of Alaska, in the year of our Lord one thousand eight hundred and ninety, begun and held at Sitka, in said district. The grand jurors of the United States of America, selected, impaneled, sworn, and charged within and for the district of Alaska, accuse J. E. W. Clark by this indictment of the crime of murder, committed as follows: The said J. E. W. Clark, at or near Ounga, within the said district of Alaska, and within the jurisdiction of this court, on or about the 13th day of August, in the year of our Lord one thousand eight hundred and ninety, purposely, and of deliberate and premeditated malice, killed George Hemmingway, by then and there shooting him in the body with a double-barreled shot gun; and so the grand jurors, duly selected, impaneled, sworn, and charged, as aforesaid, upon their oaths do say that J. E. W. Clark did then and there murder George Hemmingway in the manner and form aforesaid, contrary to the form of the statutes of the United States of America and of the state of Oregon, made applicable thereto, in such cases made and provided, and against the peace and dignity of the United States.

"C. S. JOHNSON, District Attorney."

The grounds of objection are: (1) That it appears upon the face of the indictment that it was found under the laws of the state of Oregon, and not under the laws of the United States; (2) that the indictment does not charge a crime under the laws of the United States, and that the allegations thereof are not sufficient to put the defendant upon trial; (3) that the panel of grand jurors who found said indictment is illegal and void, several of the grand jurors being disqualified by reason of service as petit jurors in this court within the past year. Whereupon defendant challenged the array of said grand jury.

The case presents the very important question as to whether the crime of homicide committed within the territory of Alaska is punishable under the statutes of the United States or under those of the state of Oregon. By the terms of the "Act providing a civil government for Alaska," passed May 17, 1884, (23 St. at Large, 24,) this court is vested with the criminal jurisdiction of district courts of the United States exercising the jurisdiction of circuit courts, (section 3,) and with exclusive jurisdiction in all criminal offenses which are capital, (section 7.) The general laws of the state of Oregon in force May 17, 1884, were, by the terms of the organic act, "declared to be the law in the district so far as the same may be applicable, and not in conflict with the provisions of this act or the laws of the United States,"(section 7;) and the act further declares that "the laws of the United States, not locally inapplicable to said district, and not inconsistent with the provisions of this act, are hereby extended thereto," (section 9.) It is left for the court to decide, as occasion may demand, whether or not any particular law of the United States is or is not "locally inapplicable" to the district; whether any general law

of Oregon is or is not in conflict with the provisions of the organic act or the laws of the United States; and whether it is or is not applicable to the territory of Alaska.

Under this indictment the question first to be considered is as to the applicability of section 5339 of chapter 3, tit. 70, of the Revised Statutes of the United States, entitled, "Crimes arising within the maritime and territorial jurisdiction of the United States." The section is as follows: "Every person who commits murder    *    *    *    within any fort, arsenal, dockyard, magazine, or in any other place or district of country under the exclusive jurisdiction of the United States,    *    *    *    shall suffer death." The statute is silent as to what constitutes the crime of murder, and we must resort to the common law as it stood at the time of the passage of the judiciary act, in 1789, for its definition. *U. S.* v. *Outerbridge,* 5 Sawy. 620; *U. S.* v. *Reid,* 12 How. 365. The definition of "murder" commonly found in the books is said to be well represented by Hawkins, who defines it to be the willful killing of any subject whatever through malice aforethought. 2 Bish. Crim. Law, § 732. Murder at common law was not divided into degrees, nor do the United States laws make such a division as do the laws of Oregon. Congress has provided that—

"In all criminal causes the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offense so charged, provided that such attempt be itself a separate offense." Rev. St. U. S. 1035.

It has further provided that—

"Every person who, within any of the places or upon any of the waters described in section 5339, unlawfully and willfully, but without malice, strikes, stabs, wounds, or shoots at, or otherwise injures, another, of which striking, stabbing, wounding, shooting, or other injury such other person dies, either on land or sea, within or without the United States, is guilty of the crime of manslaughter." Id. § 5341.

It has also provided that—

"Every person who, within any of the places or upon any of the waters described in section 5339, attempts to commit the crime of murder or manslaughter by any means not constituting the offense of assault with a dangerous weapon, shall be punished by imprisonment," etc. Id. § 5342.

By the more recent act of March 3, 1875, (Rev. St. Supp. 177,) it is provided—

"That whoever shall be convicted of the crime of manslaughter in any court of the United States in any state or territory, including the District of Columbia, shall be imprisoned," etc.

A further section of the United States laws is as follows:

"If any offense be committed in any place which has been or may hereafter be ceded to and under the jurisdiction of the United States, which offense is not prohibited, or the punishment thereof is not specially provided for, by any law of the United States, such offense shall be liable to and receive the same punishment as the laws of the state in which such place is situated, now in

force, provided for the like offense when committed within the jurisdiction of such state; and no subsequent repeal of any such state law shall affect any prosecution for such offense in any court of the United States." Rev. St. U. S. § 5391.

If murder were not prohibited, or the punishment thereof were not specially provided for, by any law of the United States, the crime committed within the territory of Alaska, which was a place "thereafter ceded to and under the jurisdiction of the United States," might, under the section last cited and the provisions of the organic act, receive the same punishment as the laws of the state of Oregon then in force provided for the like offense when committed within the jurisdiction of that state. The general laws of the state of Oregon in force May 17, 1884, provide that "if any person shall purposely and of deliberate malice  *  *  * kill another, such person shall be deemed guilty of murder in the first degree." Crim. Code Or., § 506. "If he shall purposely and maliciously, but without deliberation and premeditation,  *  *  *  kill another, he shall be deemed guilty of murder in the second degree." Id. § 507. If without malice, express or implied, and without deliberation, upon a sudden heat of passion caused by a provocation apparently sufficient to make the passion irresistable, voluntarily kill another, he shall be deemed guilty of manslaughter. And certain other acts are also enumerated which are declared to constitute the crimes of murder in the second degree and manslaughter. Id. §§ 507–515. The Oregon laws also provide that the punishment for murder in the first degree is death; for murder in the second degree, imprisonment for life; and for manslaughter, not less than one nor more than fifteen years, and by fine. Id. §§ 516–518.

It therefore follows that if the laws of the United States above referred to are not locally inapplicable to the district, and not inconsistent with the provisions of the organic act, and if the territory or district of Alaska be a place or district or country under the exclusive jurisdiction of the United States, every person who commits murder therein, (that is, with malice aforethought, willfully kills another,) must suffer death; for under that law his crime is not divisible into two degrees. If he unlawfully and willfully, but without malice, kills another, he is guilty of manslaughter; and, in accordance with the facts shown, he may be convicted of the crime of murder, or of the crime of manslaughter, or of an attempt to commit either.

It is claimed by the prosecution, however, that the laws of the United States are, in this case, locally inapplicable to the district; that they are inconsistent with the organic act, and that the territory or district of Alaska is not a place or district of country under the exclusive jurisdiction of the United States, within the meaning of section 5339 of the Revised Statutes of the United States; that the intention of congress was to place it, in a sense, within the jurisdiction of the laws of Oregon; that the general laws of Oregon in force May 17, 1884, are not in conflict with the organic act, nor with the laws of the United States, and should govern here as to the definition and punishment of the crime for which the defendant is indicted. No authority has been cited by the govern-

ment to maintain its contention, probably because none exists; at least, in the extended examination I have given, with the very limited means of research at my command, I have been unable to find any. The organic act did not give to Alaska any power of legislation, but in making the general laws of Oregon, then in force, applicable to the district, the evident intention of congress was to furnish it with a ready-made code of laws, which should stand in immediate stead of the codes which in other territories have been enacted by their legislatures. It retained, however, as superior to the laws of Oregon, all the general laws of the United States which were applicable to all territories and other places under the exclusive jurisdiction of the United States, and which were not locally inapplicable to Alaska. However harsh it may seem to apply to Alaska, with its large population of uncivilized natives, the law. of 1790, making murder under all circumstances a capital crime; however strongly the punishments for crime, such as murder, rape, arson, piracy, and the like, contrast with the more humane punitive legislation of states and territories,—it is difficult to see wherein the United States law is locally inapplicable to this district, or in any degree inconsistent with the organic act; and, if this be so, it must be conceded to be one of the laws extended to the district by the provisions of section 9 of that act, and necessarily superior to and superseding the general laws of Oregon. As has been said by Judge FIELD:

"The cases in which the legislation of congress will supersede the legislation of a state or territory, without specific provision to that effect, are those in which the same matter is the subject of legislation by both; for then the action of congress may well be considered as covering the entire ground." *Davis* v. *Beason,* 133 U. S. 333, 10 Sup. Ct. Rep. 299.

The law punishing the crime of murder is undoubtedly a general law, applicable to all places and districts of country under the exclusive jurisdiction of the United States; and that the district of Alaska is such a district of country has been decided already, in a case arising in this district, by the circuit court of the United States for the district of Oregon, which, under the organic act, has power to issue to this court its writs of error in criminal cases. There it was held that, so far as the laws of the United States prescribe the jurisdiction of this court, or define a crime, or prescribe its punishment, this court is to be governed by them; that it is only when these laws are silent, or make no provision on the subject, that resort can be had to the laws of Oregon, so far as they are applicable; that since 1867, the time of its cession by Russia to the United States, Alaska has been and is a district of country under the exclusive jurisdiction of the United States, and therefore the statutory provisions of congress concerning the commission and punishment of murder and manslaughter are in force therein, and necessarily exclude the operation or application here of any law of Oregon on those subjects. *Kie* v. *U. S.,* 11 Sawy. 587, 27 Fed. Rep. 351. See, also, *U. S.* v. *Williams,* 6 Sawy. 244, 2 Fed. Rep. 61.

Although the appellate jurisdiction of the circuit court of the United States for the district of Oregon is restricted to criminal cases alone, and

this court might not in civil cases feel obliged to follow its rulings, its opinions in all matters are entitled to the greatest respect, and in this instance I feel bound to adhere to the doctrines it has enunciated in the case last quoted from.

The next question is as to the sufficiency of the indictment to sustain a conviction under the laws of the United States. The objection that in the caption it is intimated that the prosecution is under section 506 of the Oregon Criminal Code, and that it is stated that the offense is contrary to the form of the statutes of the state of Oregon, may be disposed of at once by saying that the caption forms no part of the indictment, and that the words, "of the state of Oregon," may, in view of the allegation that the offense was contrary to the form of the statutes of the United States, be rejected as surplusage. *Burchard* v. *State*, 2 Or. 79; *State* v. *Lee Ping Bow*, 10 Or. 27; *State* v. *Abrams*, 11 Or. 169, 8 Pac. Rep. 327; *U. S.* v. *Borneman*, 13 Sawy. 359, 35 Fed. Rep. 824. Congress has provided that—

"No indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." Rev. St. § 1025.

It is claimed that, inasmuch as congress has left the definition of the crime to the common law, the indictment should be good under the rules of the common law, and that what may be deemed a defect or imperfection in matter of form only under the statutes might be a defect or imperfection in substance at the common law, which the defendant is entitled to take advantage of. The object of the indictment is to furnish the accused with such a description of the charges against him as will enable him to make his defense, and to avail himself of prior conviction or acquittal, for protection against a further prosecution for the same cause; also to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. A crime is made up of acts and intent, and these must be set forth in the indictment with reasonable particularity of time, place, and circumstance. It is a fundamental rule that the accused must be apprised with reasonable certainty of the nature of the accusation against him. *U. S.* v. *Cruikshank*, 92 U. S. 542; *U. S.* v. *Simmons*, 96 U. S. 360; *U. S.* v. *Carll*, 105 U. S. 611; *U. S.* v. *Hess*, 124 U. S. 483, 8 Sup. Ct. Rep. 571. But, as has been said by SANDERSON, J., in *People* v. *King*, 27 Cal. 507:

"Under the pretense of informing the defendant of the nature of the charge against which he was called to defend, it was necessary at the ancient common law to describe the means by which the homicide was committed, and the nature and extent of the wound and its precise locality; from which it necessarily followed that a trifling variance between the proof and the allegation frequently defeated a conviction, no matter how manifest the guilt of the defendant. It was a long time before legislators and judges discovered that this rule had nothing but the most flimsy pretext to support it. If the defendant is guilty, he stands in need of no information to be derived from a peru-

sal of the indictment as to the means used by him in committing the act, or the manner in which it was done, for as to both his own knowledge is quite as reliable as any statement contained in the indictment; if he is not guilty, the information could not aid in the preparation of the defense. A disposition to relax much of this ancient strictness in criminal proceedings has manifested itself in modern practice."

The indictment here omits many of the well-known features of the old indictment at common law. It does not state that the weapon with which the killing is alleged to have been done was loaded, nor in what part of the body the wound was inflicted, nor that the deceased died thereof; but it distinctly alleges that at a certain time and place the defendant purposely and of deliberate and premeditated malice killed the deceased, by then and there shooting him in the body with a double-barreled shotgun; and it seems to me that there is such a description of the charge against the accused, and such reasonable certainty as to the nature of the accusation, time, place, and circumstances, as will enable the accused to make his defense, and inform the court of the facts, so that it may decide whether they are sufficient in law to support a conviction, if one should be had.

There is no allegation that Alaska, wherein the killing is alleged to have been done, is a place or district of country within the exclusive jurisdiction of the United States, but it is alleged that the crime was committed within the jurisdiction of the court. No proof would be required to establish either proposition, for the court would take judicial notice of the fact. The failure to make an allegation as to the jurisdiction of the United States, if a defect, must be considered such a defect or imperfection in matter of form only that it will not tend to the prejudice of the defendant, nor make the indictment insufficient.

It has been held that when congress declares an act a crime, a person charged with the commission of the same may be prosecuted therefor according to the course of the common law, unless the constitution or congress has otherwise provided. *U. S.* v. *Block*, 4 Sawy. 211. Also that the national courts are unquestionably to look to the common law, in the absence of statutable provisions, for rules to guide them in the exercise of their functions in criminal as well as civil cases. Conk. Tr. (3d Ed.) p. 167. However true this may be in other jurisdictions, this court, under the authority of the organic act, must follow the course of procedure in all cases, civil or criminal, laid down in the general laws of Oregon in force May 17, 1884, so far as the same may be applicable and not in conflict with the provisions of the organic act or the laws of the United States which have been extended to the territory. The laws of Oregon do not conflict, so far as indictment, arraignment, and pleas are concerned, with any law of the United States. The United States statutes are silent and make no provision upon the subject, and resort must be had to the laws of Oregon. *Kie* v. *U. S.*, *supra.* The indictment follows the form adopted by the general laws of that state, and sanctioned by the repeated decisions of its highest court. Gen. Laws Or. 1843-72, p. 457; *State* v.

*Dodson*, 4 Or. 64; *State* v. *Spencer*, 6 Or. 152; *State* v. *Brown*, 7 Or. 186; *State* v. *Lee Yan Yan*, 10 Or. 365.

The only question remaining is upon the motion to quash the indictment on account of the alleged illegality of the panel of grand jurors. It is provided by the laws of the United States that—

"Jurors to serve in the courts of the United States in each state respectively shall have the same qualifications, * * * and be entitled to the same exemptions, as jurors of the highest court in such state may have and be entitled to at the time when such jurors for service in the courts of the United States are summoned; and they shall be .designated by ballot, lot, or otherwise, according to the mode of forming such juries then practiced in such state court, so far as such mode may be practicable by the courts of the United States, or the officers thereof." Rev. St. U. S. § 800.

Under this statute it was held in the case of *Kie* v. *U. S.*, *supra*, that the qualifications of jurors in Alaska, and the liabilities of persons to serve as such, must be determined by a reference to the laws of Oregon. The attention of the court was not called, perhaps, nor was it necessary to give consideration in that case, to section 812 of the Revised Statutes of the United States, providing that no person shall be summoned as a juror in any circuit or district court more than once in two years; nor to the act of congress of June 30, ·1879, (Rev. St. Supp. p. 497,) regulating the mode of drawing jurors in the United States courts, which contains the provision, evidently intended to repeal and take the place of section 812 above mentioned, that no person shall serve as a petit juror more than one term in any one year. The statute is silent, however, as to incompetency to serve as a grand juror, and it is reasonable to assume that, if congress had intended to make such prior service a disqualification to serve as a grand juror, it would have been so declared in the act last cited. It was held in the case of *U. S.* v. *Reeves*, 3 Woods, 199, cited in Roe, Crim. Proc. in U. S. Cts. p. 49, under section 812, Rev. St. U. S., that the fact that a grand juror has served before as such within two years is not ground for quashing the indictment. I have not the case at hand to refer to. But if we are to be governed by the laws of Oregon alone, I do not think the objection can be sustained. Section 918 of the Civil Code of that state, as the same was amended October 24, 1882, (St. 1882, p. 61,) says that "no person shall be summoned as a juror in any circuit court more than once in one year;" referring, of course, to the circuit courts of that state. This act was undoubtedly meant to apply only to petit jurors in the circuit court, for the grand jury in Oregon is not summoned in that court, but in the county court. Civil Code Or. c. 12, tits. 2, 3.

For these reasons, the demurrer of defendant is overruled, his motion to quash the indictment is denied, and he is ordered to plead forthwith.