## DIVORCED WOMAN NOT ENTITLED TO HOMESTEAD EXEMPTION.

[Probate Court of Clark County.]

IN THE MATTER OF THE ASSIGNMENT OF ANNIE E. ASHBAUGH, TO OLIVER H. MILLER, ASSIGNEE.[*]

Decided, 1906.

*Homestead—Insolvent Divorced Woman—Not Entitled to Exemption— Section 5435—Varying Punctuation of—Grass Widow—Not a "Widow" within Contemplation of the Statute—Words and Phrases.*

A divorced woman is not a "widow" within contemplation of the statute allowing homestead exemption to insolvent debtors with families or other dependents.

GEIGER, J.

On June 28, 1906, Annie E. Ashbaugh assigned a stock of miscellaneous merchandise to Oliver H. Miller. On July 26 the said assignor made a demand upon the said assignee of certain goods and chattels in lieu of a homestead, which demand was by the assignee promptly refused. On the same day there was filed in the Probate Court of Clark County a motion of the assignor for an order requiring the appraisers to set off to her the property selected by her in lieu of a homestead, and that in the event of a sale before the hearing of the motion, an order be issued requiring the assignee to pay to her out of the proceeds of the sale the sum of $500. The property was sold by the assignee, and the question now is, whether the said assignor is entitled to $500 in lieu of a homestead.

The assignor filed an affidavit, from which it appears that she was married in 1878, in Ohio, and that, in the winter of 1897 her husband, by the consideration of the Court of Madison County, Indiana, procured a decree of divorce from her, and thereby caused the marriage contract and relation theretofore existing between him and her to be dissolved; that she has not since remarried, and that she is a resident of the state of Ohio and not the owner of a homestead. It also appears that she has no minor children and is living alone.

[*] Affirmed by common pleas court January 14, 1907.

Section 6348 of the Revised Statutes reserves to an assignor all his homestead rights.   Section 5435 provides:

"Husband and wife living together, a widow or a widower living with an unmarried daughter or unmarried minor son, may hold exempt from sale * * * a family homestead not exceeding one thousand dollars in value," etc.

Section 5441 provides:

"Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow, and every unmarried female having in good faith the care, maintenance and custody of any minor child of a deceased relative, resident of Ohio, and not the owner of a homestead, may, in lieu thereof, hold exempt" personal property not to exceed five hundred dollars in value.

It is claimed upon the part of the assignor that by virtue of her divorce from her husband, she is a widow within the meaning of the homestead exemption law and is entitled to her exemption.

It is claimed by the creditors that even though Annie E. Ashbaugh were a widow by the death of her husband, she would not be entitled to $500 in lieu of a homestead, and they base their claim upon the punctuation of Section 5441, and the decision in the case of *Brown* v. *Parham*, 4 C. C.—N. S., 344, by the Circuit Court of Hamilton County, where it is held that a widow, not the owner of a homestead under Section 5435, is not entitled to hold exempt from levy and sale $500 worth of real or personal property in lieu thereof, under Section 5441, when she does not have in good faith the care, maintenance and custody of any minor child or children of a deceased relative.   This decision was rendered on Dec. 16, 1903.   The statute then in force was passed April 26, 1898 (93 Ohio Laws, page 318).   The punctuation of this statute has not been carefully preserved in the various enactments in reference thereto. In the act of 1898 the section reads and is punctuated as follows:

"Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow and every unmarried female, having in good faith the care, maintenance

and custody of any minor child or children of a deceased relative,'' etc.

Construing this statute thus punctuated, the court say—

''As now punctuated, the words 'having in good faith the care, maintenance and custody of any minor child or children of a deceased relative,' qualify the word 'widow' as well as the words 'unmarried female,' and a widow not having the care of such child can not hold property exempt under this·section. When the case of *Wentzel* v. *Hayes,* 16 C. C., 110, was decided, Section 5441, Revised Statutes, as amended in 81 O. L., 148, contained no comma after the words 'unmarried female' as it now does. * * * This punctuation evidently influenced the court in that decision, as there is no sound reason why a widow should be entitled to an exemption that an unmarried female is not entitled to.''

I can not agree with the decision of the court in *Brown* v. *Parham,* and I think the statute, punctuated as it was at the time of that decision, did not justify the exclusion of a widow from the enjoyment of her exemptions. The court says that there ''is no sound reason why a widow should be entitled to an exemption that an unmarried female is not entitled to.'' It is a fact, however, that our statute has long recognized and provided for a difference in favor of a widow over any other unmarried female.

Section 5430 provides that ''every person who has a family and every widow may hold the following property,'' etc. Section 5437 provides for a homestead for a widow or a minor child. Section 6040 provides for the widow's support for a year.

In the case of *Wentzel* v. *Hayes,* 16 C. C., 110, decided by the Cincinnati Circuit Court in the January Term, 1898, it is held that the widow was entitled·under Section 5441, to a homestead exemption. The court say:

''She was a widow and as such she was entitled to homestead exemption although not having in good faith the care, maintenance and custody of a minor child. These provisions do not apply to a widow.''

It is true that that decision was under the act of April 12, 1884, 81 O. L., page 148, in which the punctuation is slightly different, as follows:

"Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow and every unmarried female having in good faith the care," etc.

The punctuation of the two is identical except that in the act of 1884 there is no comma after the words "unmarried female."

It was never the intent of the Legislature to deprive a widow of her statutory exemption by the placing of a comma after a single word.

Section 5435, which provides for a family homestead not to exceed $1,000, reads and is punctuated as follows:

"Husband and wife living together, a widow or widower living with an unmarried daughter or unmarried minor son, may hold exempt from sale a family homestead not exceeding one thousand dollars in value," etc. Vol. 94 O. L., page 372, April 16, 1900.

The punctuation of Section 5435 has been unaltered since its passage in the present form in 1878. 75 O. L., 597-692.

In *Allen* v. *Russell*, 39 O. S., 336, the court hold that under the act of 1878 a widow may hold exempt from execution a homestead not exceeding $1,000 in value, although she is not living with an unmarried daughter or unmarried minor son. The court say: .

"The latter provision (act of 1878) has been incorporated into the Revised Statutes, Section 5435, and properly punctuated, is as follows: 'Husband and wife living together, a widow, or a widower living with an unmarried daughter or unmarried minor son, may hold exempt from sale, on judgment or decree, a family homestead not exceeding one thousand dollars . in value.' * * * Courts will repunctuate if necessary to render the meaning clear."

So that it is clear that under Section 5435, which provides for a homestead of $1,000, a widow is entitled to the same even though she be not living with an unmarried daughter or unmarried minor son, and even though the punctuation would admit of a different grammatical construction. It is clear that if under Section 5435 a widow is entitled to the homestead, it must follow that under Section 5441 she must be entitled to the $500 in lieu of the homestead. But it further

appears that the punctuation of the statute as it was at the time of the rendition of the decision in *Brown* v. *Parham*, has been again altered in the act of April 22, 1904, 97 O. L., 282, where Section 5441 is punctuated as follows:

"Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow, and every unmarried female having in good faith the care," etc.

There can be no question that if Mrs. Ashbaugh was, at the time of her assignment, a widow within the meaning of the statute, she must be allowed her exemptions in the sum of $500.

To establish her claim to exemption as a widow, the attorney for the assignor cites the case of *Kunkle, Assignee,* v. *Chas. A. Reeser,* 5 Nisi Prius, page 401, decided by Judge Rockel of this court, in which it is held that a divorced man living with an unmarried minor son is a widower within the meaning of Section 5435 and Section 5441; and is entitled to homestead exemptions therein provided. If it is true that a divorced man is a widower, it is equally true that a divorced woman is a widow. The case decided by Judge Rockel, however, actually decides a proposition slightly different from that at bar, being to the effect that a divorced man living with an unmarried minor son is entitled to the exemption; the argument being that the exemptions provided for by the statute are for the benefit of the family of the debtor and not for the debtor himself. The Century Dictionary is quoted as defining a grass-widower to be a man who for any reason is living apart from his wife. The court says:

"There being several kinds of widowers, it would not be a violent presumption to presume that in the use of the general term 'widower' all were included. Especially is this true where the same reasons exist for a like application to all."

The decision might be sustained on the ground that the exemption was made to the head of a family as in *Weber* v. *Beier,* 14 C. C., 277. But it is hard to bring the mind to the conclusion that the Legislature, in defining certain exemptions to be given to a widow or to a widower, had in contemplation a "grass" widow or a "grass" widower, or husband and wife

separated by judicial decree. There is no doubt that the Legislature has been tender of the widow and of the widower having an unmarried daughter or minor son living with him. But it is difficult to read into the statute a provision in favor of those who have failed to carry out to its completion the marriage contract but have sought the courts in an endeavor to sever their relation.

Sections 5699 and 5700 provide for the status of a divorced man or woman, where the divorce is secured under the laws of the state of Ohio. It is true that if a divorce is obtained in another state, the property rights of the divorcee are not affected, and that a divorce granted for the aggression of the husband is no bar to the dower rights of the wife (50 O. S., 726; 44 O. S., 645; 10 O., 27). But it has not been held in Ohio, except in the decision above referred to, that a divorced man or woman shall be considered as a widow or widower for the purpose of homestead exemption.

In the case of *Luguaer* v. *Weisgerben,* Cincinnati Superior Court, 13th Bull., 637, it was held that where the husband and wife were living apart, under judicial decree by which the wife had been awarded alimony and the custody of the minor child, the wife was not entitled to $500 in lieu of a homestead, and the court say—

"To hold that a wife living apart from her husband under judicial decree allowing alimony, is entitled to the allowance, would, in our judgment, be doing violence to both the letter and spirit of the law."

But see *Weber* v. *Beier,* 14 C. C., 277, and *Dilley* v. *Elifritz,* 8 C. C., 278.

In the case of *Rittenhouse* v. *Hicks,* 23 L. Bull., 269, it is held that the word "widow" as used by a testator may mean husbandless, and the court held that in that particular case a divorced woman was a widow, but the decision was based upon the evident intent of the testator, and indicates but that for that intent, a divorced woman would not be a widow.

In 30th American & Eng. Ency. of Law, page 520:

"In technical as well as ordinary use, the term 'widow' has reference to a woman who has lost her husband by death, the

condition of widowhood being terminated by subsequent marriage. A divorced woman is not a widow upon the death of her former husband and can claim no rights as such."

See also Bouvier's L. D., Vol. 2, page 1228.

Both Sections 5435 and 5441 provide for exemptions to husband and wife living together. It would be a very violent assumption to say that the Legislature, in providing this protection to the family, should give it to the husband and wife only while they were living together, but that it should be extended to the same husband and wife after they had been separated by a legal decree and restored to their positions as unmarried persons.

In the case of *Moerlien* v. *Westmiller*, 4 C. C., 296, page 300, the court holds that the claim of the wife for a homestead should not be allowed, inasmuch as it is not claimed that at the time of the distribution she and her husband were occupying the premises as a homestead, but they were in fact occupying a different place and living separate from each other.

In *Dittey* v. *Elifritz*, 8 Cir. Court, 278, page 284, it is held that until a decree of divorce and alimony is obtained, the wife's right to a homestead as against creditors remains. After divorce or alimony is granted, her rights are then fixed by the terms of that decree, as provided by Revised Statutes, Sections 5699 and 5700.

If a husband and wife are divorced, according to the claim of the assignor, the husband becomes a widower and the wife becomes a widow, and *each* may under such a claim be entitled to a homestead exemption, a thing denied to the husband and wife living together. *Dwinell* v. *Edwards*, 23 O. S., 603.

It is well recognized that in the construction of remedial statutes providing for exemption, that the spirit of the statute should prevail, but I hardly think that the Legislature ever intended to provide a protection for a divorced man or woman under the terms "widower" or "widow." If the statute had read the way it is sought to be construed, Section 5435 would read as follows:

"Husband and wife living together, a widow *or a divorced woman*, or a widower *or a divorced man* living with an unmarried daughter, shall hold exempt a homestead," etc.

Such a thing was never contemplated by the Legislature and the court has no right to read into the section such a construction, especially in the face of the fact that it is against the well recognized meaning of the terms used in the section.

The motion will therefore be overruled.

*Clem V. Collins,* for assignor.

*George S. Dial,* for the creditors.

*John M. Cole,* for the assignee.